FILED
2021 Oct-29  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRCIT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDERSON WELLS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | JURY DEMAND |
| CITY OF BIRMINGHAM (POLICE | ) | |
| DEPT., SERGEANT WILLIAM | ) | |
| BLACKWELL, | ) | |
| DEFENDANTS. | ) | |

---

## COMPLAINT

---

## I. JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (Federal question) and 28 U.S.C. 1343(3)(depravation of constitutional or federal statutory right).

2.      Venue is proper pursuant to 28 U.S.C. §1391 because all parties are located or conducting business within the Northern District of Alabama, and the acts complained of took place in the Northern District of Alabama, Eastern Division.

3.      This is a suit authorized and instituted pursuant 42 U.S.C. 1983 based on the Equal Protection Clause and the Due Process clauses of the United States

Constitution. Jurisdiction of this court is also invoked by 42 U.S.C. § 1983 providing relief for violations of federal constitutional or statutory rights.

4.    There are no statutory prerequisites to 42 U.S.C. 1983 based on the Equal Protection and Due Process Clauses of the United States Constitution.

5.    This case is filed within the two year statute of limitation for claims brought under 1983 based on the Equal Protection and Due Process Clauses of the United States Constitution.

## II. **PARTIES**

6.    Plaintiff, Anderson Wells, ("Plaintiff") is over the age of nineteen, and is a citizen of the United States and is a resident of Jefferson County, Alabama.

7.    Defendant, City of Birmingham is a governmental entity within the Jefferson County, Alabama.

## III. **STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS**

8.    Wells is employed by the City of Birmingham police department and stationed at the City jail.

9.    Wells worked the evening shift from 3:00p.m. to 11:00 p.m.

10.    Wells made $27.51 per hour.

11.    Wells received no disciplines or write ups for years.

12.    In 2018, Sergeant Blackwell was assigned to the jail and became Well's supervisor.

13.    Once Sergeant Blackwell was assigned to the jail, Wells began to experience differential treatment from females.

14.    On or about February 24, 2019, Tameka Marshall (female) was supposed to escort an inmate to his meal.

15.    Wells told Tameka Marshall to hold on one minute he had one more block to do.

16.    Tameka Marshall told Officer Moore to open D block, even though it was a violation of policy to have two block doors open at the same time.

17.    Wells heard Tameka Marshall's request and asked her to start at J-2 and come back.

18.    Tameka Marshall stated to Wells, "I will show you".

19.    Wells went over to Tameka Marshall and asked the inmate to pull the cart back to open the door.

20.    When he didn't Wells tried to move the cart with his foot.

21.    Sgt. Blackwell required Wells to go to Behavioral Health Systems or there would be consequences. Wells was not afforded notice or a hearing for this disciplinary action.

22.    Eight months later, on or about October 24, 2019, Wells was given written notice of a hearing on October 30, 2019, for the incident that occurred on or about February 24, 2019.

23.    On or about **October 30, 2019**, Wells was given 3 days suspension when he was simply following policy. He was also required to go to Behavioral Health Services.

24.    Tameka Marshall was given no discipline for her violation of policy, confrontation of Wells, and instigation of an argument with Wells.

25.    On January 13, 2020, Wells filed an employee complaint of gender bias in the jail and requesting Lt. Payne and Sgt. Blackwell be removed or transferred out of the jail. He also told Sgt. Blackwell that he was going to file the complaint.

26.    On or about May 3, 2020, Wells was having a discussion with Officer Burton when was approached and aggressively cursed at by Officer Echols.

27.    Wells responded to Officer Echols aggressive behavior and cursing by telling him if he were not a City employee, and didn't have the uniforms, he would kick his ass.

28.    Officer Echols got up in Wells face, told him he would beat his mother f**cking ass right now, and had to be restrained from Wells by Officer Burton.

29.    Wells simply told him he has an anger issue and needs help.

30.    Officer Echols came back at Wells had to be pinned to the control panel by Officers Burton and Bloodworth to keep Officer Echols off of Wells and prevent him from doing physical harm to Wells.

31.    On or about **May 12, 2020** Wells was sent to Behavioral Health

Services, taken out of service, and banned from jail. He was not afforded notice, an opportunity to be heard or a hearing.

32.    Nine months later, on or about February 22, 2021, Wells was provided notice of a determination hearing that was going to take place on March 3, 2021 for the May 3, 2020 incident.

33.    Wells received 7 days suspension for the incident with Echols.

34.    Wells was also banned from working overtime as a result of the incident with Echols.

35.    The aggressor, Officer Echols, continued to work, was never banned or sent to behavioral health series, and eventually received only 3 days off.

36.    On or about June 26, 2020, Wells was sick, informed his supervisor, clocked out, and attempted to leave.

37.    That day, Supervisor Wilson placed the jail on lockdown and told Wells he could not leave which is a violation of policy as it relates to sickness.

38.    However, Sergeant Blackwell told Wells he could leave and let him leave.

39.    Wells was upset and used a cuss word when he was off duty and off the clock.

40.    A month later, on or about July 20, 2020, Wells was given written notice of a hearing on July 23, 2020, for the incident that occurred about a month

earlier on or about June 26, 2020.

41.   On or about **July 29, 2020,** Wells received a 131 and 15 days suspension by Deputy Chief Scott Praytor for a single cuss word used while off duty.

42.   That same day, Tanya Wright and Marquita Green engaged in the same offense of cussing (except they were on duty), but were only given a counseling (not a 131).

43.   Tanya Wright previously got into it with her supervisor and was not disciplined, she was only moved to another shift.

44.   On or about February 25, 2020, Tanya Wright (female) screamed at Wells, complained he wasn't any kind of man, complained he talked down to women, told Wells someone was going to kick his mother-f**king ass, and had to be carried away from Wells and out of the room by two other officers.

45.   Wells just stood there and did not do anything to trigger this attack or anything in response to the attack.

46.   Tanya Wright received 3 days suspension for her conduct, but she was not taken out of service, was not banned from the jail, and was not sent to Behavioral Health Services.

47.   Female officers who do nothing to provoke an attack are not given three days suspension.

48.   Seven months later, on or about September 9, 2020, Wells was given

written notice of a hearing on September 14, 2020 for the incident that occurred on or about February 25, 2020.

49.    Wells had three witnesses Bermin Bettis, Belinda Lisbon, and Rosalyn Johnson who knew Tanya Wright caused the disturbance, however, the City would not allow Wells witnesses to testify at the hearing.

50.    There was a video of the incident showing Tanya Wright was the aggressor and he just stood there.

51.    On or about **September 15, 2020**, Wells received 3 days suspension when he did nothing doing nothing to instigate Tanya Wright's conduct or in response to her conduct.

52.    On or about August 25, 2020, Wells was selected for a "random" drug screen.

53.    On or about April 1, 2020 Wells was sitting in the J1 center control unit with his feet propped up and ear buds on.

54.    Wells had just come from radiation treatment and was taking medicine for a hurt ankle.

55.    Wells was in an enclosure where anyone coming in had to be buzzed in.

56.    Nine months later, on or about January 7, 2021, Wells received a notice of determination hearing to be held on January 13, 2021 wherein he was accused of

sleeping on the job, and not monitoring correctional officer Darrell Levert as he conducted a lockdown in J1-B.

57.   Sergeant Blackwell had threatened Sergeant Hardin to write up wells when he hadn't intended on writing him up for the incident.

58.   On or about **March 10, 2021** Wells received a 7 day suspension.

59.   Other female officers have been caught sleeping and did not receive a 7 day suspension.

60.   City Rules and Regulations require disciplinary hearings to take place within 60 days of the initial Complaint.

61.   In or around June 2021, Sergeant Blackwell was moved out of the jail.

62.   Since Sergeant Blackwell left in June 2018, Wells has received no falsified disciplinary actions and he is now allowed to work overtime again.

## V. <u>STATEMENT OF PLAINTIFF'S CLAIMS</u>

## <u>COUNT ONE- 42 U.S.C. 1983 –Equal Protection</u>

63.   The Equal Protection Clause requires the State to "treat all persons similarly situated alike".

64.   The Equal Protection Clause provides a constitutional right to be free from unlawful sex discrimination in public employment.

65.   The Supreme Court uses the term "gender" and "sex" interchangeably.

66.   There is no difference between the scope of Title VII and the scope of the Equal Protection Clause concerning intentional discrimination in the form of disparate treatment in the workplace.

67.   Wells is in a protected class because he is male.

68.   Wells was qualified to the do the job as he had been working the job for 15 years.

69.   Wells was disciplined and lost wages for non-offenses or offenses similar to that women committed.

69.   Wells suffered adverse actions each time he was suspended from work, not allowed overtime, and sent to Behavioral Health Services.

70.   Women who committed the same alleged offenses were treated differently than Wells as they did not receive the same discipline including, but not limited to:

   a. Wells was taken out of service, banned from the jail, given 7 days suspension, and not allowed anymore overtime hours for allegedly telling someone he is going to kick their ass when Tanya Wright received 3 days for the same offense.

   b. Wells was given 15 days for allegedly cussing when he was off duty when Tanya Wright was simply moved to another shift without discipline when she cussed out her supervisor on duty. In addition, Tanya Wright and Marquita Green simply got a verbal counseling for use of profanity on duty.

c. Wells was given 3 days for allegedly violating policy and starting an altercation when Tameka Marshall received no discipline when she was the one who was violating policy and starting the altercation.

d. Wells was given 3 days for not doing anything at all when all other females were not disciplined for doing nothing.

107. The City and Sergeant Blackwell have not stated why Wells was treated differently from females who engaged in similar conduct.

108. Each of the adverse actions taken against Wells was because of his gender.

109. Wells was deprived of his rights secured by the Constitution.

110. The City and Sergeant Blackwell are persons who acted under color of statutes, regulations, custom, or usage, of the State of Alabama, subjected, or caused to be subjected, Wells to the depravation of his rights, privileges, or immunities.

111. Blackwell personally participated in the constitutional violations when he required Wells to go to Behavioral Health Services without an investigation, notice or a hearing, when he banned Wells from the property, when he took Wells out of service without written notice or a hearing, when he mandated Wells could have no overtime, and when he threatened Hardin to write up Wells.

112. Defendants acted with malicious intent and/or reckless disregard for Wells' federally protected rights.

113.   Defendants have a habit, practice, custom or usage of discriminating against men, and condoning and/or allowing gender discrimination.

114.   As a proximate cause and cause in fact of said violation of the Equal Protection Clause the Plaintiff was caused to suffer the following injuries and damages: compensatory damages including but not limited to:  lost wages (front and back pay with interest), damage to career, lost benefits, shame, humiliation, embarrassment, stress, anxiety, anger, helplessness, emotional distress, pain, suffering, and out of pocket expenses.

## COUNT TWO

### 42 U.S.C. 1983- Due Process

113.  Wells was deprived of his rights secured by the Constitution when he was deprived of Due Process including but not limited to.:

      a.  Being deprived written notice and a hearing when he was required to go to Behavioral Health Services, was taken out of service, was banned from the property, and refused additional overtime hours as discipline.

      b.  When he was denied a hearing within 60 days of the initial complaint without justification.

114.   Blackwell personally participated in the violation of Due Process when he deprived Wells written notice and a hearing when he disciplined Wells with going

to Behavioral Health Services, when he took Wells out of service, when he banned

Wells from the property, when he mandated Wells could have no overtime, and when

he forced others to write up Wells way outside of the 60 days of the initial complaint.

115. The City and Sergeant Blackwell are persons who acted under color of

statutes, regulations, custom, or usage, of the State of Alabama, subjected, or caused

to be subjected, Wells to the depravation of his rights, privileges, or immunities.

116. Defendants acted with malicious intent and/or reckless disregard for

Wells' federally protected rights.

117. Defendants have a habit, practice, custom or usage of discriminating

against men, and condoning and/or allowing gender discrimination.

118. As a proximate cause and cause in fact of said violation of the Due

Process Clause the Plaintiff was caused to suffer the following injuries and damages:

compensatory damages including but not limited to:  lost wages (front and back pay

with interest), damage to career, lost benefits, shame, humiliation, embarrassment,

stress, anxiety, anger, helplessness, emotional distress, pain, suffering, and out of

pocket expenses.

## VI-DAMAGES

119.  The Plaintiff was caused to suffer lost wages (front and back pay with

interest), damage to career, damage to reputation, lost benefits, shame, humiliation,

embarrassment, stress, anxiety, anger, fear, helplessness, emotional distress, pain,

suffering, and out of pocket expenses.

120.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

121.  The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

## VII-PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Wells, respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Enter an Order requiring the defendant to make Wells whole by awarding him compensatory damages, punitive damages, and/or  liquidated damages to include, but not limited to lost wages (both back pay and future pay) plus interest, loss of benefits, including the lost difference in retirement, the lost difference in pension, seniority, and other benefits of employment, embarrassment, humiliation, shame, damage to reputation, damage to career, mental distress, emotional and physical pain and anguish, and out of pocket expenses.

2.      The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

### PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY

Patricia A. Gill
ASB -0780–I66P
Attorney for Plaintiff

**OF COUNSEL:**

PATRICIA A. GILL, P.C.
PO Box 55304
Birmingham, AL 35255
Phone:  (205) 789-1906
Facsimile:  (205) 930-9809
E-Mail:  patriciagill@yahoo.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

City of Birmingham
Care of: City Clerk
710 20th Street North
Birmingham, AL 35203

Sergeant William Blackwell
City of Birmingham Department of Police
1710 First Avenue North
Birmingham, AL 35203